\*\* E-filed on 7/8/05 \*\*

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CITY OF CAMPBELL, et al., | Case Number C 03-05591 JF |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO CHANGE TIME |
| v. | |
| COUNTY OF SANTA CLARA, et al., | [Docket No. 37] |
| Defendants. | |

Plaintiffs move to change the time for briefing and oral argument on Defendants' motion for summary judgment, the "status conference,"[1] and trial. Defendants oppose the motion. The Court has read the moving and responding papers and considered the oral arguments of counsel presented on July 8, 2005. For the reasons set forth below, the motion will be granted in part and denied in part.

**I. BACKGROUND**

As previously recited in the Court's Order of July 5, 2005, Defendants filed a duly noticed motion for summary judgment or, in the alternative, summary adjudication on June 3, 2005, to be heard on July 8, 2005. Plaintiffs' opposition to the motion was due by June 17, 2005.

---

[1] Plaintiffs appear to be referring to the pretrial conference.

However, rather than filing an opposition brief, Plaintiffs filed a "Notice of Intent to Move for Change of Time (for Hearing on Summary Judgment Motion, Due Date for Opposition, Status Conference, and Trial)" on June 17, 2005. The "Notice" stated that Plaintiffs were pursuing a stipulation to change time to accommodate an anticipated change in counsel and that, in the event that an agreement could not be "promptly reached" with Defendants, Plaintiffs would move formally to change time.[2] It was not until July 1, 2005—two weeks after the "Notice" was filed and one week before the date set for hearing on Defendants' motion for summary judgment—that Plaintiffs filed a motion to change time pursuant to Civil Local Rule 6-3. Given the time constraints created by Plaintiffs' delayed filing, on July 5, 2005, the Court vacated the hearing date for Defendants' motion for summary judgment and instead scheduled oral argument on Plaintiffs' motion to change time for July 8, 2005.

## II. DISCUSSION

Plaintiffs move to continue the dates for (1) the hearing on Defendants' motion for summary judgment, (2) the deadlines for briefing with respect to that motion, (3) the pretrial conference, which currently is set for August 19, 2005, and (4) the trial, which currently is set for September 2, 2005. A motion to change time must, among other things, set forth with particularity the reasons for the requested enlargement of time, describe the efforts the moving party has made to obtain a stipulation to the time change, and identify the "substantial harm or prejudice that would occur if the Court did not change the time." Civil L.R. 6-3(a).

Plaintiffs represent that the reason for the instant motion is "to allow Plaintiffs (and partial assignee, Wayne Seminoff Company) their counsel of choice to handle this litigation." Mot. at 2. Nicholas Damer ("Damer") currently is Plaintiffs' counsel of record. He was substituted for Plaintiffs' previous counsel, McManis Faulkner & Morgan, on October 6, 2004. Damer declares that he became Plaintiffs' counsel "principally in order to relieve the first

---

[2] The "Notice" also purportedly set a date of July 22, 2005, for a hearing, presumably on the notice itself. However, Plaintiffs did not comply with the Court's standing order regarding the procedure for obtaining hearing dates. Thus, no hearing was set on the Court's calendar for that date.

2

Case No. C 03-05591 JF
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO CHANGE TIME
(JFLC1)

attorneys of record . . . while Wayne Seminoff . . . tried to negotiate a settlement directly with defense counsel" and that he had "never extensively worked on the case" before Defendants filed their motion for summary judgment on June 3, 2005. *Id*.; *see also id*. at 5. Damer represents that Plaintiffs seek to be represented by Thomas Bowne ("Bowne"). *See id*., Ex. A at 1 (letter from Wayne Seminoff ("Seminoff") stating that "Bowne is my choice to litigate the above case due to his five year record of winning cases where courts have had to pay back interest earned on public trust fund deposits"). However, Plaintiffs' written consent to Bowne's representation and his payment by Seminoff has not yet been secured.

      Bowne declares that he was asked to review the file for this case in February 2005 and that he discussed settlement of the case with Defendants' counsel, Michael Rossi ("Rossi"), via e-mail over the course of more than a month. *See* Mot. at 4. Settlement efforts were unsuccessful, *see id*., and there is no evidence that Bowne continued to work on the case after those negotiations failed. Then, on June 6, 2005, Damer contacted Bowne regarding Defendants' motion for summary judgment. *Id*. Bowne indicated that, due to travel plans, he was unable to consider the matter until after June 28, 2005, and that, due to other obligations, he would be unable to respond to the motion for summary judgment until September 1, 2005. *Id*. at 4-5. Bowne declares that, because of other trial dates, he could not participate in a trial in the instant case before April 1, 2006, but that he will "associate to this matter" if the Court grants the requested extensions of time. *Id*. at 5.

      As for the other requirements imposed by Civil Local Rule 6-3(a), Plaintiffs assert that they attempted to obtain a stipulation to change time and that they will suffer "[s]ubstantial harm and prejudice" if the instant motion is denied, because Defendants' motion for summary judgment will go unopposed, and they will be unable to "present their case 'on the merits.'" *Id*. at 3. However, evidence submitted in support of the instant motion reveals that Damer did not attempt to communicate with Defendants' counsel regarding a stipulation to change time until June 16, 2005, only one day before Plaintiffs' opposition to Defendants' motion for summary

judgment was due.[3] *See id.*, Ex. A at 7-8. Moreover, as Defendants correctly point out, any harm or prejudice suffered by Plaintiffs as a result of the lack of opposition to Defendants' motion for summary judgment was caused by their own counsel. Plaintiffs also argue that Defendants acted improperly by setting their motion for hearing on the customary five-week schedule rather than working with Plaintiffs' counsel to establish an extended briefing schedule, because the motion for summary judgment is unusually "complex." Mot. at 3. However, even if it is true that the complexity of Defendants' motion would warrant additional time for briefing,[4] Plaintiffs do not request a brief continuance to address the complexity of the issues presented but rather a continuance of months in order to accommodate Bowne's schedule.

In opposing Plaintiffs' motion to change time, Defendants argue that the real reason for the instant motion is not Plaintiffs' desire to obtain the counsel of their choice but an "attempt to hide their lackadaisical prosecution of this action." Opp'n at 3. Defendants assert that, in their correspondence with Plaintiffs' counsel over several months earlier this year, including at least one letter to Damer, they mentioned repeatedly that they would file a motion for summary judgment if Plaintiffs did not dismiss the matter, and they presented the legal grounds upon which they would make their motion.[5] Despite that knowledge, Bowne apparently stopped representing Plaintiffs, and Damer failed to file an opposition brief or to move for a change of time in a timely manner. Defendants contend that Plaintiffs' current actions are part of a pattern

---

[3] Plaintiffs have submitted a letter dated June 16, 2005, from Damer to Rossi requesting an enlargement of time. *See* Mot., Ex. A at 7-8. Rossi declares that Damer called him on June 17 and that he returned Damer's call on June 20, the next business day, to communicate Defendants' refusal to stipulate to an enlargement of time. *See* Rossi Aff. ¶¶ 31-32.

[4] Defendants dispute this characterization and assert that Plaintiffs have been aware of the issues raised in the motion for summary judgment since the Court denied Defendants' motion to dismiss in May 2004. Defendants' counsel also represented at the hearing on the instant motion that the filing of the motion for summary judgment was delayed for several weeks to accommodate Plaintiffs' request for additional time.

[5] While the Court has not reviewed all of the exhibits to Rossi's 124-page affidavit in support of Defendants' opposition, it is satisfied that Defendants were sufficiently clear in their correspondence with Plaintiffs' counsel regarding their intention to file a motion for summary judgment and their assessment of the asserted legal grounds for Plaintiffs' claims.

of delay that has impeded Defendants' ability to investigate this case and that has prejudiced Defendants.

Although Plaintiffs' counsel has not acted with all possible diligence and has failed to comply with this Court's procedural rules governing the matters discussed above, the Court concludes that denying the motion to change time in its entirety would be unduly harsh, particularly where at least some of the delay appears to be attributable to Plaintiffs' legitimate desire to obtain new counsel. For these reasons and for the reasons stated on the record at the hearing, the Court will modify the briefing and hearing schedule slightly, as set forth below, in an attempt to accommodate the interests of both Plaintiffs and Defendants.

### III. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that Plaintiffs' motion to change time is GRANTED IN PART and DENIED IN PART. Plaintiffs shall file and serve their opposition to Defendants' motion for summary judgment on or before July 25, 2005. Defendants shall file and serve their reply on or before August 1, 2005. Hearing on the motion for summary judgment is set for August 5, 2005. If necessary, the Court will reschedule the pretrial conference and trial following its ruling on Defendants' motion for summary judgment.

DATED: July 8, 2005

/s/ (electronic signature authorized)
JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

Nicholas Damer          nicliberty@aol.com, kldamer@aol.com

Michael L. Rossi        michael.rossi@cco.co.scl.ca.us